# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-1485V

* * * * * * * * * * * * * * * * * * * * * * * *
 *    Chief Special Master Corcoran
KATHRYN DELEON,    *
*parent of N.C., a minor,*    *
 *    Filed:  November 16, 2022
       Petitioner,    *
 *
     v.    *
 *
SECRETARY OF HEALTH    *
AND HUMAN SERVICES,    *
 *
       Respondent.    *
 *
* * * * * * * * * * * * * * * * * * * * * * * *

*Ronald C. Homer*, Conway Homer, P.C., Boston, MA, for Petitioner.

*Naseem Kourosh*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 28, 2020, Kathryn DeLeon, on behalf of her minor daughter, N.C., filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that N.C. suffered from Guillain-Barré syndrome ("GBS") as a result of her July 17, 2018, receipt of the diphtheria-tetanus-acellular-pertussis, measles-mumps-rubella, and inactivated polio vaccines. Moreover, Petitioner alleges that N.C. experienced residual effects of this injury for more than six months.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent denies that the vaccines in question caused N.C. to suffer GBS or any other injury or condition. Respondent also denies that N.C.'s current condition is a sequela of the vaccine-related injury. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on November 16, 2022) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $65,000.00 in the form of a check payable to Petitioner as guardian/conservator of N.C.'s estate.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.