# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1485V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| KATHRYN DELEON, *parent of N.C., a minor,* | * * * | Chief Special Master Corcoran |
| Petitioner, | * * | Filed: July 5, 2023 |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |

* * * * * * * * * * * * * * * * * * * * * * *

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Naseem Kourosh*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART
## AWARD OF FINAL ATTORNEY'S FEES AND COSTS[1]

On October 28, 2020, Kathryn DeLeon, on behalf of her minor daughter, N.C., filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1). Petitioner alleges that N.C. suffered from Guillain-Barré syndrome as a result of her July 17, 2018, receipt of the diphtheria-tetanus-acellular-pertussis, measles-mumps-rubella, and inactivated polio vaccines. The parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioners compensation. *See* Decision, dated Nov. 16, 2022 (ECF No. 49).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

1

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated May 18, 2023 (ECF No. 54 ("Final Fees Mot.")). Petitioner requests a total of $45,927.78, reflecting $39,678.40 in fees incurred for the services of attorneys at Conway Homer, PC (the "Homer Firm"), and $6,249.38 in costs. Final Fees Mot. at 2–4. Additionally, Petitioner seeks reimbursement of costs personally incurred in this matter (including some that are only estimated) in the amount of $6,215.00. *Id.* at 2. Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$45,927.78**, but deferring resolution of the guardianship-related costs at this time.

## ANALYSIS

**I.      Attorney's Fees**

Because Petitioner's claim was successful, the Act entitles them to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for the Homer Firm lawyers who worked on this matter, based on the years work was performed:

|  | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|
| **Mr. Ronald Homer (Attorney)** | -- | -- | $447.00 | $475.00 | $475.00 | -- |
| **Ms. Christina Ciampolilo (Attorney)** | -- | -- | -- | -- | $425.00 | $470.00 |
| **Mr. Joseph Pepper (Attorney)** | -- | -- | $355.00 | -- | $415.00 | $455.00 |
| **Ms. Meredith Daniels (Attorney)** | -- | -- | $350.00 | $350.00 | $410.00 | $455.00 |
| **Mr. Nathaniel Enos (Attorney)** | -- | -- | -- | -- | $280.00 | -- |
| **Mr. Patrick Kelly (Attorney)** | -- | -- | -- | -- | $250.00 | -- |
| **Ms. Laura Faga (Attorney)** | -- | -- | -- | -- | $385.00 | -- |
| **Paralegals** | $142.00 | $145.00 | $155.00 | $155.00 | $170.00 | $185.00 |

Final Fees Motion at 32–33.

The attorneys at the Homer Firm practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid at the forum rate levels established in *McCulloch. See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The specific rates requested are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[3] *Japaridze v. Sec'y of Health & Hum. Servs.*, No. 20-1545V, 2023 WL 4104131, at *1 (Fed. Cl. May 17, 2023); *Kimball v. Sec'y of Health & Hum. Servs.*, No. 20-2000V, 2023 WL 4044612, at *1 (Fed. Cl. May 16, 2023); *Meyer v. Sec'y of Health & Hum. Servs.*, No. 20-2031V, slip op. at 2 (Fed. Cl. Spec. Mstr. May 16, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II.     Calculation of Litigation Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited July 5, 2023).

Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $6,249.38 in litigation costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of a single Life Care Planner, Maureen P. Clancy, RN, BSN, CLCP. Ms. Clancy submitted an invoice for a total of $4,215.00. ECF No. 54 Tab B at 15–16. That invoice reveals that Ms. Clancy worked a total of 28.1 hours on the matter, at an hourly rate of $150.00. Her rate was reasonable, and her time spent on the matter also appropriate. *Id.* In addition, medical record retrieval or mail costs are typical in the Vaccine Program and are thus eligible for reimbursement, and I do not find any of the requested costs in this matter unreasonable. All of these litigation-specific costs shall be awarded in full without reduction.

### III.   Guardianship Costs

Finally, Petitioner personally requests an award of estimated costs of $6,215.00 for the work of DJS Law Group. Final Fees Mot. at 2–3, 52. (I am treating this sum as a "cost," even though it also involves attorney time, due to the indirect and secondary nature of this category of expenses).

DJS Law Group appears to have been retained by Petitioner for the establishment and maintenance of N.C.'s guardianship, as is required by the parties' stipulation. *See* Stipulation (attached to Decision (ECF No. 49-1) at 3. However, although the DJS law firm prepared an invoice for the cost of *establishing* the guardianship (Final Fees Mot. at 52), it is not evident that this has occurred to date. Indeed, Petitioner admits she is "awaiting a hearing on the petition to appoint her as guardian," and thus that the guardianship process is incomplete. Final Fees Mot. at 2. She thus admits an aspect of this costs is only preliminary, and could well require supplementation if the amount billed is more or less. In addition, the $6,215.00 figure includes an additional sum of $3,000.00 for anticipated future costs of guardianship maintenance. *Id.* at 3.

At a minimum, the cost to establish the guardianship is recoverable under the Program. It is not settled law, however, that estimated future costs likely incurred in connection with a guardianship are also recoverable (even if in some instances other special masters have approved that cost). In either case, *none* of these costs have truly been "incurred" at this time, and I will not

award costs that are speculative, even if *likely*. Instead, I will hold this part of the costs determination open, and Petitioner shall later this year substantiate them in better form.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, awarding **$45,927.78** reflecting $39,678.40 in attorney's fees and $6,249.38 in costs in the form of a check made jointly payable to Petitioner and her attorney Mr. Ronald Homer. I defer determination of the guardianship-related costs until later this year; Petitioner shall file a supplemental motion providing evidence of the specifically *incurred* sum for this cost on or before November 30, 2023.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.