# In the United States Court of Federal Claims

No. 20-1485
(Filed Under Seal: August 16, 2024)
Reissued: September 4, 2024[1]

|  |  |
|---|---|
| KATHRYN DELEON, *as parent of* N.C., *a minor*, | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) |
| Respondent. | ) ) ) |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for petitioner.

*Naseem Kourosh*, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC, for respondent.

**ORDER AND OPINION**

***SMITH*, Senior Judge**

Petitioner Kathryn DeLeon, on behalf of her minor child, N.C., seeks review of a decision issued by Chief Special Master Brian H. Corcoran denying in part their Motion for Supplemental Attorneys' Fees and Costs. *See* Petitioner's Motion for Review, ECF No. 70 [hereinafter Pet'r's Mot.]. Specifically, petitioner appeals from the denial of costs associated with maintaining a guardianship until N.C. reaches the age of majority, arguing that the Chief Special Master's decision fails to address binding precedent from the United States Court of Appeals for the Federal Circuit. *See* Petitioner's Memorandum in Support of the Motion for Review at 2, 7–18, ECF No. 71 [hereinafter Pet'r's Mem.]. Respondent, the United States, does not oppose petitioner's Motion for Review. *See* Respondent's Response and Notice of Non-Opposition to Petitioner's Motion for Review, ECF No. 73 [hereinafter Resp't's Resp.]. For the following reasons, the Court finds in favor of petitioner and remands the petition to the Chief Special Master for reconsideration in accordance with this Court's directions. 42 U.S.C. § 300aa-12(e)(2)(C).

---

[1] An unredacted version of this opinion was issued under seal on August 16, 2024. The parties were given an opportunity to propose redactions, but no such proposals were made.

## I.     Factual and Procedural Background

Petitioner brought this action before the Office of Special Masters pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 *et seq.* (the "Vaccine Act"), alleging that the administration of Diphtheria-Tetanus-acellular-Pertussis ("DTaP"), measles-mumps-rubella ("MMR"), and inactivated polio vaccinations caused N.C. to develop Guillain-Barré Syndrome, an autoimmune condition. *See* Pet'r's Mem. at 1. In late 2022, the Special Master issued a decision awarding damages to petitioner, as guardian of N.C.'s estate, pursuant to a Stipulation Agreement reached between the parties. *See DeLeon v. Sec'y of Health & Hum. Servs.*, No. 20-1485V, 2022 WL 17849581 (Fed. Cl. Spec. Mstr. Dec. 21, 2022) (finding that respondent "denies that the vaccines in question caused N.C. to suffer . . . any . . . injury or condition" and "also denies that N.C.'s current condition is a sequel of the vaccine-related injury," but adopting the parties' joint settlement).

On March 22, 2024, petitioner filed a Supplemental Motion for Attorneys' Fees and Costs.[2] *See* Supplemental Motion for Attorneys' Fees and Costs, ECF No. 66. On April 8, 2024, the Chief Special Master issued a decision granting in part the petitioner's Motion. *See* Decision on Supplemental Attorneys' Fees and Costs, ECF No. 69 [hereinafter "Fees Decision"]. The Chief Special Master awarded petitioner a total of $9,029.42 in attorneys' fees and expenses. *See id.* These fees include $6,529.42 in additional attorneys' fees and expenses incurred through representation by Conway Homer, P.C., who represented petitioner before this Court; and $2,500 in attorneys' fees incurred through representation by Yergrey & Yergey, P.A., who represented petitioner before the courts of Florida during her establishment of guardianship over N.C.'s estate. *Id.* Relevant to the pending motion, the Chief Special Master declined to award $10,001.35 in additional attorneys' fees—the amount petitioner alleges is needed to maintain guardianship over N.C.'s estate until she reaches the age of majority.[3] *See id.*

## II.    Legal Standard

The Vaccine Act provides for the award of "reasonable attorneys' fees" and "other costs[] incurred in association with a petition." 42 U.S.C. § 300aa-15(e)(1). When issuing a decision on attorneys' fees and costs, a special master is expected to "articulate the basis of any discretionary decision to grant or deny fees, keeping in mind the Vaccine Act's remedial objective of maintaining petitioners' access to willing and qualified legal assistance." *James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1381 (Fed. Cir. 2021) (citing H.R. Rep. 99-908, at 22 (1986)). Hence, this Court will overturn a special master's decision when the special master fails, for instance, to make an independent inquiry into whether an attorneys' claimed costs are reasonable. *See Dominguez v. Sec'y of Health & Hum. Servs.*, 136 Fed. Cl. 779, 783–85 (2018).

---

[2]     Petitioner first filed an Application for Attorneys' Fees and Costs on May 18, 2024, in order to meet the Court's deadline for filing under Vaccine Rule 13. *See* Pet'r's Mem. at 4 n.6. The supplemental motion pending before the Court was filed once petitioner had calculated certain expenses related to the establishment of guardianship and those related to maintaining guardianship.

[3]     Under Florida law and relevant procedural rules, guardians/conservators of estates must be represented by a licensed attorney and file annual accounting reports. *See* Pet'r's Mem. at 9 (citing Fla. Prob. R. 5.030(a); Fla Stat. §§ 744.367(2), 744.3678).

Both this Court and the Federal Circuit have long recognized that the award of attorneys' fees falls within the discretion of the special masters, owing to their specialized knowledge and superior understanding of vaccine litigation. *See, e.g.*, *Saxton v. Sec'y of Dep't of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). Nevertheless, this Court may "set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "remand the petition to the special master for further action in accordance with the court's direction." 42 U.S.C. §§ 300aa–12(e)(2)(B)–(C). "If a party alleges that the special master's decision conflicts with binding precedent, then the Court of Federal Claims performs a de novo review under the not-in-accordance-with-law standard." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 287 (2018) (citing *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011)) (italics added).

## III.   Discussion

Here, petitioner asks this Court to review the Chief Special Master's decision that denied legal fees associated with maintaining a guardianship, and to rule as a matter of law that the Court award requested expenses to maintain guardianship of N.C.'s estate until N.C. reaches the age of majority. *See* Pet'r's Mem. at 1, 19. Specifically, petitioner states that the Stipulation Agreement, entered by both parties and adopted by the Chief Special Master, required petitioner to prove that she is the "guardian/conservator of N.C.'s estate under the laws of the state of Florida" to receive payments awarded. *Id.* at 6 (quoting Stipulation Agreement, ECF No. 48). Thus, petitioner alleges that:

> [b]eyond the initial establishment of the guardianship estate in Florida, Petitioner is required by state law to maintain N.C.'s estate until N.C. reaches the age of majority and must do so with assistance of legal counsel under Florida law. *See* Fla. Prob. R. 5.030 (the state of Florida requires guardians to be represented by an attorney admitted to practice in the state of Florida). Petitioner, through counsel, must file an annual guardianship accounting. Indeed, for all guardianships, Florida law requires preparation of an annual accounting of the estate (Fla. Stat. § 744.367(2)) and an audit fee associated with preparing the accounting of the estate. Fla. Stat. § 744.3678(4) . . . . For discharge of the guardianship when a minor reaches the age of majority, the guardian should be compliant with all required filings.

*Id.* Petitioner calculated that the total cost of maintaining the guardianship until N.C. reaches the age of majority amounts to $10,001.35. *Id.* at 6–7 (providing a breakdown of the total amount).

Petitioner argues that the Chief Special Master's decision denying these costs is "not in accordance with law," because it does not consider the U.S. Court of Appeals for the Federal Circuit's decision in *McCulloch v. Secretary of Health and Human Services*, 923 F.3d 998 (Fed. Cir. 2019). *See id.* at 8–10. Petitioner also alleges that the denial of these costs violates the spirit of the Vaccine Act, *id.* at 11–14, and argues that the Chief Special Master's legal analysis is

- 3 -

inapposite to the present case, *id.* at 14–18.  Notably, respondent does not oppose petitioner's Motion for Review.  *See* Resp't's Resp.

In his decision, the Chief Special Master correctly observed that the cost of "[e]stablishing a guardianship . . . [is] a legitimate cost associated with some Vaccine Act claims."  Fees Decision at 4 (citing *Barrett v. Sec'y of Health & Hum. Servs.*, No. 09-389V, 2014 WL 2505689 (Fed. Cl. Spec. Mstr. May 13, 2014)).  However, the Chief Special Master went on to rule that "the same is not true for the cost of *maintaining* a guardianship thereafter," and denied the relevant part of the petitioner's motion without consideration of the specific facts of this case.  *Id.* (emphasis original) (citing *Crespo v. Sec'y of Health & Hum. Servs.*, 139 Fed. Cl. 231, 236 (2018)).  However, the Chief Special Master also recognized that other special masters have ruled that the costs of maintaining a guardianship *are* legitimate costs under the Vaccine Act in some cases, thus appearing to create a split within the Program.  *Id.*

The Court holds that the Chief Special Master erred in holding that the cost of maintaining a guardianship cannot be a cost "incurred in any proceeding on such petition" within the meaning of the Vaccine Act.  40 U.S.C. §300aa-15(e)(1); Fees Decision at 4.  Indeed, the Federal Circuit's opinion in *McCulloch* mandates the exact opposite.  In that case, Ms. Rachel McCulloch, acting as guardian on behalf of her daughter A.M., requested an award of attorneys' fees and costs following a merits decision in favor of petitioner.  *Id.* at 999.  The special master awarded fees and costs under § 300aa-15(e), including an amount to cover "the expenses, under Florida guardianship law, of maintaining the guardianship for A.M. that had to be maintained as a condition of receiving the full payments that were part of the merits judgment," including lump-sum and annuity-payout amounts to be paid to the guardian of the estate of A.M.  *Id.* at 999–1000.  Following two appeals by the government, the Federal Circuit ultimately affirmed, holding that "it was appropriate for the special master to award the guardianship-maintenance expenses under § 300aa-15(e) because Ms. McCulloch incurred a continuing liability to pay such expenses as a condition of receiving, for her daughter, the compensation awarded on the merits in this proceeding."  *Id.* at 999.  Thus, *McCulloch* unmistakably holds that the cost of maintaining a guardianship is a legitimate cost in at least *some* Vaccine Act claims—namely those cases in which maintaining a guardianship is "a legal precondition" for continuing to receive "merits-judgment compensation."  *Id.* at 1003.

The Chief Special Master erred by disregarding *McCulloch* and relying solely on *Crespo v. Secretary of Health and Human Services*, 139 Fed. Cl. 231 (2018), which presented this Court with a different legal question.  In *Crespo*, the Court held that the petitioner could not recover "future guardianship costs" associated with a guardian's discharge of their duty under Florida law, because the petitioner failed to identify "any order from the special master or any requirement under the Vaccine Act, but rather, in a Florida state law" that imposed on the future guardianship duties at issue.  *Crespo*, 139 Fed. Cl. at 235–36.  Although that language could plausibly support the Chief Special Master's conclusion, *McCulloch* expressly distinguished *Crespo* as follows:

> Th[e] situation [in *McCulloch*] differs from a situation, discussed in *Ex rel. Crespo v. Secretary of Health and Human Services*, 139 Fed. Cl. 231, 236 (2018), where a Vaccine Act judgment of a lump-sum payment requires only the establishment, but not continuing maintenance, of a guardianship. In the present circumstances, the best application of the government-urged [] test is that continuing legally required guardianship-maintenance expenses are incurred in the Vaccine Act proceeding where, as here, their payment is a precondition for continuing receipt of the compensation granted in the judgment.

*McCulloch*, 923 F.3d at 1003.

Because the facts may align more closely to those in *McCulloch*, the Chief Special Master should have considered the facts of this case when exercising his discretion to award the attorneys' fees and costs associated with the maintenance of guardianship.  The Chief Special Master may or may not find that sound judgment requires the award of an amount less than that requested by the petitioner for maintaining guardianship.  In any event, however, the Chief Special Master must "articulate the basis" of this decision rather than summarily deny these costs.  *See James-Cornelius*, 984 F.3d at 1381.

\*   \*   \*

Because guardianship maintenance costs are legitimate in Vaccine Act claims where maintenance is a legal precondition to continuing receipt of compensation, *see McCulloch,* 923 F.3d at 1003, this Court finds the Chief Special Master's decision not to consider such costs in line with binding precedent as "not in accordance with law."  *See* 42 U.S.C. § 300aa–12(e)(2)(B).  The Court remands this case, and will rely on the Chief Special Master's "superior understanding of the litigation," *see Saxton*, 3 F.3d at 1521, to resolve petitioner's claim for additional attorneys' fees and costs to maintain guardianship.  42 U.S.C. § 300aa–12(e)(2)(C).  Finally, as with every remand, the Court trusts that the Chief Special Master will "compensate injured persons quickly and fairly, with relative certainty and generosity of compensation," because the spirit of the Program is to provide fair compensation, including for guardianship maintenance, proportional to the injuries incurred.  *Figueroa v. Sec'y of Health & Hum. Servs.*, 715 F.3d 1314, 1317–18 (Fed. Cir. 2013) (quoting *Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1325–26 (Fed. Cir. 2011) (en banc)).

- 6 -

      For the foregoing reasons, the Court **GRANTS** petitioner's Motion, ECF No. 70, and **REMANDS** this case back to the Office of Special Masters for proceedings consistent with this opinion.

      **IT IS SO ORDERED.**

      s/ *Loren A. Smith*

      Loren A. Smith,
      Senior Judge