# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1485V

| | | |
|---|---|---|
| KATHRYN DELEON, *parent of N.C., a minor,* | * * * * | Chief Special Master Corcoran |
| Petitioner, | * * | Filed: September 17, 2024 |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |

*Ronald Craig Homer*, Conway Homer, PC, Boston, MA, for Petitioner.

*Naseem Kourosh,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 28, 2020, Kathryn DeLeon, on behalf of her minor daughter, N.C., filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). [2] Petition (ECF No. 1) at 1. Petitioner alleged that N.C. suffered from Guillain-Barré syndrome as a result of her July 17, 2018, receipt of the diphtheria-tetanus-acellular-pertussis, measles-mumps-rubella, and inactivated polio vaccines.

The parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Nov. 16, 2022 (ECF No. 49). Petitioner thereafter filed an initial motion for attorney's fees and costs (*see* Motion, dated May 18, 2023) (ECF No. 54) ("Mot.")), and in July 2023, I issued a decision granting Petitioner all sums requested, with the exception of guardianship-related costs at that time (which remained to be calculated). Petitioner

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

later filed a Supplemental Motion for Costs related to the resolution of the outstanding guardianship costs. Motion, dated Mar. 22, 2024 (ECF No. 66) ("Supp. Fees Mot.").

I subsequently issued a decision granting costs for establishment of the guardianship, but denying requested costs related to its *maintenance*. Decision, dated Apr. 8, 2024 (ECF No. 69). Petitioner moved for review of my decision (ECF No. 70), and the motion was granted. *See* Opinion and Order, dated Aug. 16, 2024 (ECF No. 74) ("Remand Order") (finding that guardianship maintenance costs are legitimate in Vaccine Act claims where maintenance is a legal precondition to continuing receipt of compensation, and remanding the matter to resolve Petitioner's request for additional attorney's fees and costs to maintain guardianship). I have since withdrawn my prior fees decision, in order to comply with the remand Order. Order, dated Sept. 16, 2024 (ECF No. 78).

In the meantime, Petitioner filed a supplemental motion for attorney's fees and costs on August 21, 2024, to include fees incurred in connection with their successful appeal. Second Supplemental Motion, dated Aug. 21, 2024 (ECF No. 75) ("Second Supp. Mot."). In total, Petitioner requests $36,586.27, reflecting $24,084.92 in fees and costs incurred by the services of the Conway, Homer firm (inclusive of what I had awarded before appeal), and $12,501.35 in costs Petitioner personally incurred (including the future guardianship costs). Second Supp. Mot. at 2. Respondent reacted to the fees request on August 26, 2024. Response, dated Aug. 26, 2024 (ECF No. 76) ("Resp."). Respondent agrees that Petitioners have satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 5.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$36,586.27**.

## ANALYSIS

### I.   Calculation of Fees

Having prevailed in this matter, the Petitioners are entitled to an award of fees and costs. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the

proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for his attorneys, based on the years work was performed:

| **Attorney** | 2023 | 2024 |
|---|---|---|
| **Ronald Homer** | $500.00 | $500.00 |
| **Meredith Daniels** | $455.00 | $485.00 |
| **Joseph Pepper** | $455.00 | -- |
| **Christina Ciampolilo** | -- | $470.00 |
| **Paralegal** | $185.00 | $185.00 |

Supp. Mot. at 7–11; Second Supp. Mot. at 5–7.

The Homer attorneys who provided services in this case practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch. See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested are also consistent with what has previously been awarded to them, in accordance with the Office of Special Masters' fee schedule.[3] *Japaridze v. Sec'y of Health & Hum. Servs.*, No. 20-1545V, 2023 WL 4104131, at *1 (Fed. Cl. Spec. Mstr. May 17, 2023); *Wharton v. Sec'y of Health & Hum. Servs.*, No. 20-2036, 2024 WL 3738699, at *1 (Fed. Cl. Spec. Mstr. July 3, 2024); *Almudhari v. Sec'y of Health & Hum. Servs.*, No. 22-1599V, slip op. (Fed. Cl. Spec. Mstr. Aug. 6, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable, including time specific to the appeal. I will therefore award all fees requested without adjustment.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Sept. 17, 2024).

**II.     Calculation of Costs**

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

   A.  Attorney's Costs

Petitioner seeks $42.42 in final outstanding attorney's costs, reflecting one mailing fee. Supp. Fees Mot. at 13. This cost category is commonly incurred in the Vaccine Program, is reasonable herein, and shall be awarded.

   B.  Petitioner's Costs

Petitioner explained in her initial supplemental fees motion that she initially began working with the DJS Law Group to establish guardianship over N.C.'s estate. Supp. Fees Mot. at 3. However, an issue arose when both Petitioner and undersigned counsel could not reach the DJS Law Group to get a specific certification to appropriately deposit the compensation check, as well as a final invoice for establishment of guardianship and necessary future expenses to maintain the guardianship. After multiple attempts to reach out over phone and email, counsel discovered that DJS Law Group had abruptly closed. *Id*. Thus, there is no invoice included in this motion from DJS Law Group. *Id*. at 4. Petitioner instead began working with Jaclyn C. Blumenfeld, Esq., of Yergey & Yergey, P.A., to establish the guardianship. *Id*. at 4.

Petitioner requests $12,501.35.00 in personally-incurred costs. Supp. Fees Mot. at 15–19. This includes a flat fee of $2,500.00 (covering the cost of establishing Petitioner as N.C.'s guardian), as well as 30.6 additional hours of work to be performed later, at a rate of $340.00 per hour. *Id*. at 18. Those amounts are what is estimated would be needed to cover the cost for Ms. Blumenfeld to maintain the guardianship annually until the year 2032. To reach this figure, Ms. Blumenfeld has assumed a $1,156.00 per year fees, reflecting 3.4 hours of work performed annually, including reviewing bank statements and preparing annual accounting. *Id*. She then has discounted this cost to net present value, using a 1% discount rate for each year. *Id.* Adding the cost of each year together totaled $10,001.35. *Id.*

Establishing a guardianship has been determined to be a legitimate cost associated with some Vaccine Act claims (especially when a stipulated settlement requires it). *Barrett v. Sec'y of Health & Hum. Servs.*, No. 09-389V, 2014 WL 2505689 (Fed. Cl. Spec. Mstr. May 13, 2014). And as noted in the Remand Order, the Federal Circuit has held that *McCulloch* "unmistakably holds that the cost of maintaining a guardianship is a legitimate cost in at least *some* Vaccine Act claims—namely those cases in which maintaining a guardianship is a 'legal precondition" for continuing to receive 'merits-judgment compensation.'" Remand Order at 4 (citing *McCulloch v. Sec'y of Health & Hum. Servs.*, 923 F.3d 998, 1003 (Fed. Cir. 2019)).

Because Petitioner will incur maintenance expenses under Florida law due to N.C.'s vaccine-related injury compensation award, she is entitled to some sum for this category of cost, and the requested amount is reasonable. Accordingly, all requested costs shall be awarded in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of $36,586.27, reflecting (a) $24,084.92 in attorney's fees and costs, in the form of a check made jointly payable to Petitioner and her attorney Ronald C. Homer, and (b) $12,501.35 in costs personally incurred by Petitioner, in the form of a check made payable to her.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.